UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENETRA DAVIS, on behalf of herself and all others similarly situated, | ) CASE NO. 2:20-cv-01573 ) |
| Plaintiff, | ) JUDGE MICHAEL H. WATSON ) |
| vs. | ) MAGISTRATE JUDGE ELIZABETH ) PRESTON DEAVERS ) |
| SKYLINE CHILI, INC., | ) **JOINT MOTION FOR APPROVAL OF** |
| Defendant. | ) **SETTLEMENT AND STIPULATION OF** ) **DISMISSAL WITH PREJUDICE** |

## I.  INTRODUCTION

Representative Plaintiff Denetra Davis, on behalf of herself and all Opt-In Plaintiffs, and Defendant Skyline Chili, Inc. ("Defendant" or "Skyline Chili"), collectively ("the Parties") respectfully move this Honorable Court to approve the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit 1.

The proposed settlement will resolve bona fide disputes involving unpaid minimum wage claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as corresponding state wage-and-hour statutes. Plaintiff asserted that Defendant unlawfully utilized the tip-credit provisions of the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") and failed to pay its tipped employees, including Plaintiff the applicable minimum wage for all hours worked. Defendant denies Plaintiff's allegations and denies that it violated the FLSA or OMFWSA.

If approved by the Court, the Settlement will provide for the issuance of Individual Payments within fourteen (14) days.

The Parties respectfully submit that the proposed Settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arms-length negotiations among the Parties, conducted by experienced counsel, and was reached on July 29, 2021.

The settlement documents submitted for approval or entry by the Court consist of the following:

| | |
|---|---|
| Exhibit 1: | Joint Stipulation of Settlement and Release |
| Exhibit 2: | Individual Settlement Agreement and Release |
| Exhibit 3: | Declaration of Lori M. Griffin |
| Exhibit 4: | Order of Dismissal and Approving Settlement |

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Action

On March 27, 2020, Representative Plaintiff Denetra Davis filed this Action alleging that Defendant did not pay its tipped, non-exempt employees, including Plaintiff and other similarly situated employees, the applicable minimum wage for all of the hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.14.

Plaintiff alleges that Skyline violated the tip credit provision of FLSA by requiring servers to perform numerous non-tipped work activities while they were paid at the tip-credit rate, such as cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink

dispensers and nozzles; cleaning tables; filling and cleaning ketchup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; organizing silverware; setting tables; stocking ice; sweeping, mopping and cleaning floors; taking dishes and glasses from the tables to the kitchen; taking out trash; cleaning ledges; cleaning bathroom doors; sweeping, mopping and cleaning bathrooms; cleaning walls and items hanging on the walls; and/or cleaning window blinds, windows and window sills. Defendant denied, and continues to deny, Representative Plaintiff's allegations. Defendant maintains that Representative Plaintiff, and all Plaintiffs, were properly paid for all hours worked and denies any violation of the FLSA or OMFWSA.

On July 15, 2020, the Parties filed their Joint Stipulation to Conditional Certification and Notice, in which the Parties stipulated to the following class:

> All former and current tipped, non-exempt servers employed by Skyline Chili, Inc. at any time between July 31, 2017 and the present.

(Doc. 15.)

On July 31, 2020, the notice was mailed to 1,450 putative class members. The Notice period closed on August 31, 2020. In addition to Representative Plaintiff, 102 individuals opted-in to the case.

On December 20, 2020, Plaintiff withdrew the consents forms of Colegore Boraen, Rachel Davidovitch, and Elizabeth Deady as they were outside the three-year statute of limitations. On March 18, 2021, Plaintiff withdrew the consent form of Tina Davies who requested to be withdrawn from the case. After all withdrawals, there were 98 remaining opt-in Plaintiffs.

  **B**.  **Negotiation of The Settlement**

Between November 2020 and July 2021, the Parties engaged in an exchange of information, which included the production of time and pay information relating the Plaintiffs, performing extensive calculations to determine the alleged damages of Plaintiffs, and numerous

3

telephone discussions regarding the calculation of damages and potential resolution.

The Parties engaged in substantial investigation and informal discovery prior to negotiating the Settlement. Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate Complaint for the Court and Defendant. This included a complete analysis and calculations of Plaintiffs' damages. Counsel for the Parties engaged in numerous and lengthy discussions regarding the damage calculations and Plaintiffs' claims and Defendants' defenses. This included interviewing and obtaining declarations from numerous putative class members.

On December 2, 2020, the Parties attended mediation with experienced mediator David P. Kamp. The mediation was unsuccessful.

Between December 2020 and July 2021, the Parties engaged in further informal settlement negotiations, including the exchange of numerous letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions.

On July 29, 2021, in an effort to reach a compromise and to avoid the continued expense and burden of litigation, the Parties reached an agreement to settle the Lawsuit on the terms set forth in the Settlement Agreement.

    **C.**    **The Settlement Terms**

If approved by the Court, the Settlement will cover Representative Plaintiff and the 98 Opt-In Party Plaintiffs ("Plaintiffs"). Because the proposed Settlement is an FLSA settlement for employees who have already opted in, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the opt-ins already consented to Denetra Davis as the Representative Plaintiff and to be bound by any settlement and/or judgement in this case, no

fairness hearing is required or requested by the Parties.[1]

The Total Settlement Amount is One Hundred Twenty-Five Thousand Dollars ($125,000.00) which is inclusive of: (a) all of the Individual Settlement Payments to Plaintiffs; (b) the Service Award Payment as approved by the Court to Representative Plaintiff Davis; and (c) Plaintiffs' Counsel's attorneys' fees and expenses as approved by the Court. During the three-year period, Plaintiff were alleged denied approximately $36,673.66 in minimum wages assuming they performed non-tipped work 33% of the time they worked and in 50% of the weeks they worked. (*See* Exhibit 3 at ¶ 30.)

Seventy-Three Thousand Seven Hundred Thirty-Eight Dollars and Thirty-Three Cents ($73,738.33) of the Total Settlement Amount will be divided into Individual Settlement Payments to the Plaintiffs, which equals approximately 100% of their minimum wage damages for performing non-tipped work 33% of the time and in 50% of the weeks they worked within the three-year statute of limitations period, plus an additional equal amount in liquidated damages. (*Id.* at ¶ 31.) The Individual Payments are provided in Appendix 1 of the Settlement. (*Id.*)

One Thousand Five Hundred Dollars ($1,500.00) of the Total Settlement Amount will be paid to Representative Plaintiff Denetra Davis in addition to her individual payment for her service as Representative Plaintiff and in exchange for a general release of claims. (*Id.* at ¶ 33.) In addition, Forty-One Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($41,666.67) will be paid to Plaintiffs' Counsel for attorneys' fees and $8,095.00 for expenses incurred and

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

expected to be incurred in the Action, and administration of the settlement. (*Id.* at ¶ 39.) This fee award is reasonable in light of the benefit achieved for Plaintiffs and is less than Plaintiffs' counsel's lodestar. (*Id.* at ¶ 38.)

In exchange, the Action will be dismissed, and the Plaintiffs will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action that were or could have been asserted in Plaintiff's Complaint based on the facts pled, including but not limited to claims for unpaid wages, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and corresponding state wage and hour statues for the Release Period. In exchange for her Representative Payment, Plaintiff Davis will execute a general release of all claims that were or could have been brought related to her employment with and separation from Defendant.

### III. THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Lori M. Griffin, and as explained below, Court approval is warranted on all scores.

#### A. The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute"), citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946).

6

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Griffin Declaration (*see* Exhibit 3), the standard supports approval of the Settlement.

**B.    The Settlement Distributions Are Fair, Reasonable and Adequate**

As a part of the scrutiny that applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Plaintiffs.

Here, the seven-factor standard supports approval of the Settlement. The parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion. (*See* Exhibit 3.) The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. While only little formal discovery has yet commenced, the Parties have engaged in substantial investigation and exchange

7

of records prior to and during the negotiations, and the issues are well understood by both sides. (*Id*. at ¶ 17.) The outcome is uncertain for Plaintiffs, and the risks of continued litigation are evident for both sides. (*Id*. at ¶ 37.) The opinions of experienced counsel of the parties support the Settlement, as does the Representative Plaintiff. (*See* Exhibit 3.)

All Individual Payments were calculated proportionally based on each Plaintiff's alleged minimum wage damages during the Released Period. (*Id*. at ¶ 31.)

If approved by the Court, the Proposed Settlement will provide adequate payments to the Plaintiffs for unpaid minimum wage compensation. Plaintiffs' Counsel calculated the alleged minimum wage compensation owed to Plaintiffs by multiplying all of the hours Plaintiffs were paid at the tipped wage rate by the difference between the applicable minimum wage rate and tip credit wage rate, then by 33%, and then by one-half (.50). (*Id*. at ¶ 32.)

Between March 28, 2017 and March 15, 2020, Plaintiffs were allegedly denied approximately $36,679.66 in unpaid minimum wages for performing non-tipped work activities for 33% of their tipped hours in 50% of their eligible workweeks.

Pursuant to the Settlement, each Plaintiff will receive 100% of the minimum wage damages and an additional equal amount as liquidated damages for time spent performing non-tipped work activities during the three-year statute of limitations period. (*Id*. at ¶ 31.) Accordingly, the settlement proceeds are fair, reasonable and adequate.

    **C.**    **Plaintiffs' Counsel's Fees and Expenses Are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

"In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees

8

that constituted one-third of the fund." *Carr v. Bob Evans Farms, Inc.*, No. 1:17-CV-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018); *Brandenburg v. Cousin Vinny's Pizza, LLC,* No. 3:16-CV-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (one-third of the fund "is a normal fee amount in a wage and hour case.")[2] Plaintiffs' Counsel's one-third fee request has been approved in Ohio and other federal courts throughout the country. (*See* Ex. 3, ¶ 38.) The Ohio practice is in accord with the practice throughout the Sixth Circuit and nationwide. Here, Plaintiff's Counsel requests an award of one-third of the settlement fund as a fee award.

Plaintiffs' Counsel's Declaration contains information that demonstrates the reasonableness of the proposed fees and expenses. (*See* Exhibit 3.). The litigation expenses sought to be reimbursed are proper and reasonable. Plaintiffs' Counsel has incurred expenses in the amount of $8,095.00, which included $4,070.00 dollars incurred for issuance and administration of the Notice to approximately 1,450 potential opt-in plaintiffs; $2,500.00 dollars incurred for mediation; $400.00 incurred for the filing fee; and $500.00 for miscellaneous litigation expenses. (*Id.* at ¶ 39.) All expenses were incurred during the course of the litigation of this Action or will

---

[2]  See also, *Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *5 (N.D. Ohio May 4, 2018) (awarding one-third of the fund); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL 2490989, at *3 (N.D. Ohio June 15, 2010); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *1 (N.D. Ohio Mar. 8, 2010) (approving one-third of fund where there was a recovery constituting one-third of claimed unpaid wages; litigation risks and significant work expended; and a contingency arrangement); *Kritzer v. Safelite Sols.*, LLC, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012) (awarding 52 percent of maximum settlement fund to counsel in wage and hour case); *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *6 (S.D. Ohio July 11, 2014) (awarding 33 percent of $4 million settlement fund in wage and hour case); *Moore v. Aerotek, Inc.*, 2017 WL 2838148, at *6 (S.D. Ohio June 30, 2017), report and recommendation adopted, No. 2017 WL 3142403 (S.D. Ohio July 25, 2017) ("Fee awards in common fund cases generally are calculated as a percentage of the fund created, with the percentages awarded typically ranging from 20 to 50 percent of the common fund created."); *Kimber Baldwin Designs, LLC v. Silv Commc'ns, Inc.,* No. 1:16-CV-448, 2017 WL 5247538, at *5-6 (S.D. Ohio Nov. 13, 2017) (awarding one-third of $450,000 fund); *Bessey v. Packerland Plainwell, Inc.* 2007 WL 3173972 (W.D. Mich. 2007) (one-third attorneys' fee approved).

9

be incurred during the administration of the Notice to the Class of the Settlement. (*Id.*)

## IV. <u>CONCLUSION</u>

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit 4.

Respectfully submitted,

| | |
|---|---|
| */s/ Lori M. Griffin* | */s/ Katharine C. Weber* |
| Lori M. Griffin (0085241) | Katharine C. Weber (0042126) |
| Chastity L. Christy (007677) | Jamie M. Goetz-Anderson (0083562) |
| Anthony J. Lazzaro (0077962) | JACKSON LEWIS P.C. |
| The Lazzaro Law Firm, LLC | 201 E. Fifth Street, 26 Floor |
| The Heritage Building, Suite 240 | Cincinnati, OH 45202 |
| 34555 Chagrin Blvd. | Telephone: 513-898-0050 |
| Moreland Hills, OH 44022 | Facsimile: 513-898-0051 |
| Telephone: 216-696-5000 | katharine.weber@jacksonlewis.com |
| Facsimile: 216-696-7005 | jamie.goetz-anderson@jacksonlewis.com |
| lori@lazzarolawfirm.com | |
| chastity@lazzarolawfirm.com | |
| anthony@lazzarolawfirm.com | */s/ Anthony J. Caruso* |
| | Anthony J. Caruso (0040773) |
| *Class Counsel* | Kohnen & Patton LLP |
| | 201 East Fifth Street, Suite 800 |
| | Cincinnati, Ohio 45202 |
| | Telephone: (513) 381-0656 |
| | Fax: (513) 381-5823 |
| | Email: tcaruso@kplaw.com |
| | |
| | *Counsel for Defendant Skyline Chili Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

    /s/ Lori M. Griffin
One of the Attorneys for Plaintiff