# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Southern District of Ohio (the "District Court"), Eastern Division, Plaintiff Denetra Davis individually and on behalf of all Plaintiffs, and Skyline Chili, Inc. ("Skyline Chili") agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Southern District of Ohio, Eastern Division entitled *Denetra Davis v. Skyline Chili, Inc.*, Southern District of Ohio, Eastern Division, Case No. 2:20-cv-01573.

2. "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC.

3. "Representative Plaintiff" shall mean Denetra Davis.

4. "Plaintiffs" shall include Representative Plaintiff and the ninety-eight (98) Opt-In Party Plaintiffs listed in Appendix 1.

5. "Defendant" shall mean Skyline Chili Inc. all of their former, current and respective officers, directors, managerial employees, agents, attorneys, parents, predecessors, successors, subsidiaries, franchisees, and related and affiliated entities.

6. "Parties" shall mean Plaintiffs and Defendants, and "Party" shall mean any one of the Parties.

7. "Released Period" for Plaintiffs shall mean March 28, 2017 to March 15, 2020.

8. "Final" shall mean the date the District Court has approved the Settlement.

9. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10. On March 27, 2020, Representative Plaintiff Denetra Davis filed this Action as a result of Defendant's practices and policies of not paying its tipped, non-exempt employees, including Plaintiff and other similarly situated employees, the applicable minimum wage for all of the hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.14.

11. Representative Plaintiff alleges that Skyline violated the tip credit provision of FLSA by requiring servers to perform numerous non-tipped work activities while they were paid at the tip-credit rate, such as cleaning booths, chairs, high chairs and booster seats; cleaning menus;

1

cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; organizing silverware; setting tables; stocking ice; sweeping, mopping and cleaning floors; taking dishes and glasses from the tables to the kitchen; taking out trash; cleaning ledges; cleaning bathroom doors; sweeping, mopping and cleaning bathrooms; cleaning walls and items hanging on the walls; and/or cleaning window blinds, windows and window sills.  Defendant denied, and continues to deny, Representative Plaintiff's allegations.  Defendant maintains that Representative Plaintiff, and all Plaintiffs, were properly paid for all hours worked and denies any violation of the FLSA or OMFWSA.

12.  On July 15, 2020, the Parties filed their Joint Stipulation to Conditional Certification and Notice, in which the Parties stipulated to the following class:  All former and current tipped, non-exempt servers employed by Skyline Chili, Inc. at any time between July 31, 2017 and the present.

13.  On July 31, 2020, the notice was mailed to 1,450 putative class members.  The Notice period closed on August 31, 2020.  In addition to Representative Plaintiff, 102 individuals opted-in to the case.

14.  On December 20, 2020, Plaintiff withdrew the consents forms of Colegore Boraen, Rachel Davidovitch, and Elizabeth Deady as they were outside the three-year statute of limitations.  On March 18, 2021, Plaintiff withdrew the consent form of Tina Davies who requested to be withdrawn from the case.

15.  Plaintiffs believe that the Action is meritorious based on the alleged violations of the FLSA, and that the Action is appropriate for collective treatment.  Defendant denies these allegations.  The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were entitled to their claimed unpaid minimum wages under the FLSA, whether the two-year or three-year statute of limitations applies, and whether Defendant acted in good faith in failing to pay the alleged unpaid minimum wages.

16.  The Parties reached the proposed Settlement in the matter after extensive good faith bargaining, which occurred during the period November 2020 and July 2021.  On July 29, 2021, the Parties reached a binding agreement to settle the Action on the terms set forth in the Settlement.

17.  Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including reviewing relevant documents, and researching the applicable law and the potential defenses.  Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances.  *See* Exhibit 2.

18.  Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

19. **Total Settlement Amount:** Defendant will pay in connection with the Settlement a Total Settlement Amount of One Hundred Twenty-Five Thousand Dollars ($125,000.00) which sum will cover: (a) all of the Individual Payments to Plaintiffs; and (b) Plaintiffs' Counsel's attorneys' fees and expenses.

20. **Payments to Plaintiffs:** Seventy-Three Thousand Seven Hundred Thirty-Eight Dollars and Thirty-Three Cents ($73,738.33) of the Total Settlement Amount will be paid to Plaintiffs in the amounts provided in Appendix 1.

21. **Calculation of Individual Payments:** The Individual Payments have been calculated by Plaintiffs' Counsel and are based proportionally on each Plaintiffs' minimum wage damages and liquidated damages during the Released Period, according to Defendant's records.

22. **Treatment of Plaintiffs' Settlement Payments:** One half of the Individual Payments to Plaintiffs will be treated as payment for wages, and the other half as payment for liquidated damages. Defendant will report to the IRS and issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099-Misc., in Box 3, to each Plaintiff for the amount paid as liquidated damages under this Settlement. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes as required by law. Plaintiffs agree to pay all taxes, if any, which may be deemed owing on any 1099 payments under this Settlement.

23. **Class Representative Payment:** One Thousand Five Hundred Dollars ($1,500.00) of the Total Eligible Settlement Amount will be paid to Representative Plaintiff Denetra Davis as a Representative Payment for her service in this litigation. Defendant will issue to Representative Plaintiff a Form 1099-Misc., in Box 3, with respect to the Class Representative Payment. Representative Plaintiff will be responsible for all taxes owed with respect to her respective Representative Payment.

24. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Forty-Nine Thousand Seven Hundred Sixty-One Dollars and Sixty-Seven Cents ($49,761.67) of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees ($41,666.67) and expenses ($8,095.00) incurred in the Action. Defendant will issue a Form 1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

25. **Released Claims:** Plaintiffs will release Defendant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, liquidated damages, interest, attorneys' fees and expenses pursuant to the Fair Labor

Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and all claims that could have been brought in this Action based on the facts pled in the Complaint and any amendment thereto, for the Released Period. In addition, Representative Plaintiff will execute a full release of claims (see Exhibit 2) in exchange for her Class Representative Payment.

26. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel as described in Paragraph 24 includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' counsel, unless there is a breach of this Agreement or a need to file a motion or other documents to enforce the Settlement. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action, unless there is a breach of this Agreement.

27. The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

28. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

29. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the District Court.

30. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit 4 to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

31. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

32. **Distribution Process:** Within thirty-five (35) days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice, Defendant will mail the Individual Payments to Plaintiffs, the Representative Payment to Representative Plaintiff, and the attorneys' fees and expenses to Plaintiffs' Counsel. Defendant will issue separate checks to each Plaintiff and Plaintiffs' Counsel. Within five days after the Court's entry of an Order granting approval of the settlement, Plaintiffs' Counsel will provide to Defendant most recent addresses of Plaintiffs for purposes of mailing the checks. If any checks are returned as undeliverable, Defendant will mail the checks to Plaintiff's counsel who will make reasonable efforts to locate the Plaintiffs and redeliver the checks. Any checks that become lost or void during the six (6) month period after the initial distribution will be reissued to any Plaintiff upon request

and without charge to the Plaintiff, provided that the request for reissuance is made within nine (9) months of the date of the original check.

## PARTIES' AUTHORITY

33. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

34. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

35. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

36. Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant.

## CONSTRUCTION

37. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## SEVERABILITY

32. If any part of this Agreement, other than the Release of Claims described in Paragraphs 25 and 26, is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Agreement shall for any reason be held by a court of competent jurisdiction to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provisions(s) shall be construed to be limited or reduced so as to be enforceable to maximum extent permitted under the applicable law.

## MODIFICATION

33. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

34. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action.

## BINDING ON ASSIGNS

35. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

36. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

37. If either Party proves that the other Party breached any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

38. The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____      DENETRA DAVIS

```
                                    _____
                                    Representative Plaintiff, Individually
                                    and on Behalf of all Plaintiffs
```

Dated: _____     SKYLINE CHILI INC.

                                                  By:_____

                                                  Its:_____

Dated: _____     LORI M. GRIFFIN
                             THE LAZZARO LAW FIRM, LLC


                                                  By:_____
                             Attorney for Plaintiffs

Dated: _____     KATHARINE C. WEBER
                             JACKSON LEWIS P.C.


                                                  By:_____
                             Attorney for Defendant

*Davis v. Skyline Chili, Inc.*
**Appendix 1**

| Employee | Individual Payment |
|---|---|
| Achevich, Abbey | $217.79 |
| Adams, Joel G | $78.92 |
| Bailey, Tricia | $682.41 |
| Beltran, Amanda D | $961.50 |
| Borgemenke, Luke | $112.94 |
| Bowling, Emily C | $102.64 |
| Brooksbank, Nikolas | $267.86 |
| Brown, Karen | $2,723.14 |
| Brown, Tyrah | $817.21 |
| Butler, Jada | $827.44 |
| Campbell, Nicole | $49.26 |
| Caplinger, Alexi | $1,755.72 |
| Carlier, Emily | $114.76 |
| Chadwell, Gabriel E | $449.60 |
| Clapsaddle, Caleigh | $693.78 |
| Clapsaddle, Sydney | $2,609.02 |
| Clark, Cierra | $90.80 |
| Coombs, Samantha J | $330.15 |
| Cornett, Taylor | $101.27 |
| Cummins, Ashley | $2,195.88 |
| Dashley, Elissa | $2,790.59 |
| Davis, Denetra | $75.41 |
| DuBose, Hawailee | $224.53 |
| Duermit, Jessica | $174.26 |
| Dunn, Rachel | $286.24 |
| Eckerle, Allie M | $586.27 |
| Edmonds, Katie | $1,111.55 |
| Emery, Madison | $112.05 |
| Estain, Toni | $357.38 |
| Evans, Kalyn | $2,862.08 |
| Fergus, Haley E | $2,889.32 |
| Fingerman, Megan | $22.05 |
| Forman, Sarah | $183.36 |
| Fox, Isaiah | $605.00 |
| Frasier, Naya E | $822.50 |
| Freeman, Jena C | $3,708.95 |
| Galloway, Kaylee | $244.61 |
| Gauthier, Christopher | $1,671.86 |
| Gourley, Duane | $906.71 |
| Gourley, Koby | $656.45 |
| Hacker, Ashley M | $280.41 |
| Hadler, Bailey | $169.91 |
| Halloran, Avery | $906.39 |
| Hammel, Areiana | $277.63 |
| Helbling, Julia | $157.24 |

*Davis v. Skyline Chili, Inc.*
**Appendix 1**

| Employee | Individual Payment |
|---|---|
| Hetzel, Kelly | $172.96 |
| Hopper, Theresa | $574.94 |
| Jackson, Nicole | $369.63 |
| Kautz, Elyse | $740.50 |
| Kerns, Samantha | $744.66 |
| Kidd, Amber N | $307.32 |
| Klawonn, Kali | $13.72 |
| klonne, Gwen | $159.79 |
| Kolb, McKenzie | $138.06 |
| Larkins, Daniel | $21.36 |
| Leigh, Milan | $61.70 |
| Litzau, Olivia A | $664.40 |
| Martini, Ashley | $240.55 |
| McCandlish, Gracie | $1,713.38 |
| Mcnutt, Kaleena | $498.04 |
| McReynolds, Zara b | $1,052.33 |
| Merritt, Sean | $140.17 |
| Miller, Brooklyn | $126.36 |
| Mobley, Mary A | $193.57 |
| Moeschl, Sara | $192.13 |
| Montgomery, Taylor R | $369.09 |
| Moran, Misty | $27.45 |
| Nickell, Tracey | $1,217.13 |
| Otis, Loretta | $1,861.27 |
| Petersen, Maison | $272.22 |
| Ramler, Dylan | $62.04 |
| Riley, Kearston G | $406.91 |
| Reffitt, Janell | $149.54 |
| Rosequist, Rachel L | $335.20 |
| Sang, Megan | $67.08 |
| Schneider, Hope | $615.82 |
| Schnetzer, Danella | $4,832.42 |
| Scott, Brittany | $45.53 |
| Shults, Emma | $432.67 |
| Smith, Mercades | $15.68 |
| Smith, Sarah M | $827.76 |
| Sollars, Alexis AKS | $1,703.10 |
| Stocksdale, Madyson M | $714.75 |
| Taylor, Carrie | $5,345.01 |
| Thomas, Cara | $416.25 |
| Thompson, Paige | $558.69 |
| Tidwell, William | $1,057.09 |
| Tran, Jacklinh | $1,508.25 |
| Ulsh, Heather | $52.77 |
| Vester, Eileen | $268.39 |

*Davis v. Skyline Chili, Inc.*
**Appendix 1**

| Employee | Individual Payment |
|---|---:|
| Vogele, Kaitlyn | $22.68 |
| Ward, Charley | $585.05 |
| Wattrick, Grant | $296.31 |
| Whitaker, Lillian | $941.37 |
| Wightman, Forest | $59.99 |
| Wilhelm, Carlie | $69.32 |
| Wilhelm, Grant | $318.80 |
| Wilson, Caitlin | $243.99 |
| Yantos, Andrea d | $2,648.30 |