# **GENERAL SETTLEMENT AND RELEASE AGREEMENT**

THIS AGREEMENT (the "Release Agreement") is made by and between Skyline Chili Inc. ("Defendant" or "Skyline Chili") and Denetra Davis ("Representative Plaintiff," "Class Representative," or "Plaintiff").

WHEREAS, Denetra Davis filed an action in the United States District Court for the Southern District of Ohio, entitled *Denetra Davis v. Skyline Chili, Inc.,* S.D. Ohio Case No. 2:20-cv-01573, which was brought as a putative wage and hour collective and collective action against Skyline Chili (the "Civil Action");

WHEREAS, Skyline Chili denied and continues to deny the allegations raised in the Civil Action; and

WHEREAS, Skyline Chili and Plaintiff mutually desire to resolve any and all disputes relating to Plaintiff's employment with Skyline Chili or the subject matter of the Civil Action.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between Skyline Chili and Plaintiff (referred to together as the "Parties") as follows:

1. <u>Mutual Release of Claims</u>.  Except as provided below, Plaintiff hereby fully waives, discharges, and releases any and all claims relating to or arising out of her employment with Skyline Chili, of whatever nature, known or unknown, that she may have against Skyline Chili, its parent, subsidiary, franchisees and affiliated companies, and in the case of all such entities, their respective past and present officers, directors, managerial employees, agents, predecessors, shareholders, partners, successors, assigns, heirs, executors and administrators (collectively referred to as the "Skyline Chili Released Parties") as a result of actions or omissions occurring through the date she executes this Release Agreement, subject to the provisions set forth below.  Specifically included in this waiver and release are any and all claims of alleged employment discrimination, any and all claims for unpaid wages or unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, et seq., and/or any other federal, state, or local statute, common law, or regulation, including, but not limited to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, <u>et seq</u>. ("ERISA").  Plaintiff understands that this release includes but is not limited to all claims that were asserted or could have been asserted in the Civil Action, including all collective or class claims.  Plaintiff further understands that this release includes all claims relating to or arising out of her employment with and separation from Skyline Chili, including but not limited to any claim that could have been brought in the Civil Action, including all claims for monetary damages, compensatory damages, punitive damages, front pay, back pay, liquidated damages, penalties, and all forms of injunctive, declaratory or equitable relief, and costs and attorneys' fees, whether arising under any federal, state, local or common laws or regulations.  Plaintiff does not waive any right Plaintiff may have to (a) Plaintiff's own vested accrued employee benefits under Skyline Chili's employer's health, welfare, or retirement benefit plans, if any; (b) benefits and/or the right to seek benefits under

applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; and/or (d) enforce this Agreement.  Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency, including but not limited to the Equal Employment Opportunity Commission and the National Labor Relations Board. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

Skyline Chili hereby fully waives, discharges, and releases Denetra Davis from any and all claims relating to or arising out of her employment with Skyline Chili that Skyline Chili may have against her and her heirs, executors and administrators as a result of actions or omissions occurring through the date Skyline Chili executes this Release Agreement.

2. In consideration for signing the Joint Stipulation of Settlement and Release ("Settlement Agreement") this Release Agreement and the fulfillment of the promises herein, Denetra Davis understands that within 35 days after the Court approves the Settlement, Skyline Chili will pay her the gross sum of One Thousand Five Hundred Dollars ($1,500.00) for serving as Class Representative.  An IRS form 1099-Misc., in Box 3, shall be issued to Denetra Davis reflecting this amount.  Plaintiff expressly acknowledges and warrants that she is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payments described in this paragraph, and Plaintiff hereby warrants that the Skyline Chili Released Parties shall bear no responsibility for any such tax liabilities.  Plaintiff understands and agrees that the payment described in this paragraph is one and the same as the Class Representative Payment described in the Settlement Agreement.

3. This Release Agreement together with the Settlement Agreement constitutes the entire agreement between the Parties regarding the subject matter therein.  No amendment, modification, change, or alteration of this Release Agreement shall be valid or binding unless signed by Denetra Davis and Skyline Chili.  The Settlement Agreement cannot be amended, changed, altered, or modified except in accordance with the Settlement Agreement.

4. Plaintiff acknowledges that no representation, promise or inducement has been made other than as set forth in this Release Agreement and the Settlement Agreement, and that she enters into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein or in the Settlement Agreement. She also acknowledges that she has had the opportunity to consult with an attorney of her choosing concerning this Release Agreement and that she has read and understands this Release Agreement, are fully aware of its legal effect, and have entered into it knowingly and voluntarily.

5. Plaintiff acknowledges and agrees that the payments offered to her under the terms of this Release Agreement and/or the Settlement Agreement represent valuable consideration.

6. Each paragraph and clause of this Release Agreement shall be deemed severable from all other provisions, with the exception of Paragraph 1, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the remaining provisions. In addition, to the extent permitted by applicable law, any invalid or unenforceable provision shall be enforced to the maximum extent permitted by applicable law.

7. The language of all parts of this Release Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Release Agreement may be executed by the parties in separate counterparts, with the same effect as if the parties had signed the same document. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

8. This Release Agreement shall be binding upon the Parties and their respective heirs, representatives, successors, transferees and assigns.

9. This agreement shall be interpreted in all respects by the internal laws of the State of Ohio without reference to conflicts of laws principles.

10. The settlement reflected in the Settlement Agreement and this General Settlement and Release Agreement shall not in any way be construed as an admission by the Skyline Chili Released Parties of any liability or acts of wrongdoing, which liability and responsibility for damages are specifically denied.

11. No press releases or other public announcements of any kind will be issued regarding the settlement by either party or their counsel. However, this limited prohibition does not prevent the parties from reasonably responding to unsolicited inquiries from the press in a manner consistent with the publicly filed documents in the Civil Action.

I HEREBY ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS RELEASE AGREEMENT AND KNOW AND UNDERSTAND THE CONTENTS AND THAT I EXECUTE THIS RELEASE KNOWINGLY AND VOLUNTARILY:


Dated: _____     DENETRA DAVIS


                              _____

Dated: _____ SKYLINE CHILI INC.

_____

By:_____

Its:_____