UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Denetra Davis, *on behalf of herself and others similarly situated*,

        Plaintiff,

v.

Skyline Chili, Inc.,

        Defendant.

Case No. 2:20-cv-1573

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Denetra Davis ("Representative Plaintiff") sues Skyline Chili, Inc., ("Defendant") for tip credit violations and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. Representative Plaintiff alleges that Defendant violated the tip credit provision of the FLSA by requiring servers to perform non-tipped work that was unrelated to their tipped occupation and excessive amounts of non-tipped work even if it related to their tipped occupation. *Id.* The Court conditionally certified this case as a collective action, and ninety-eight plaintiffs opted into the lawsuit (collectively with Representative Plaintiff, "Plaintiffs"). Mot. 3, ECF No. 60. The parties have settled Plaintiffs' claims and move for approval of their settlement agreement. ECF No. 60.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a

district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: **(1)** the risk of fraud or collusion behind the settlement; **(2)** the complexity, expense, and likely duration of the litigation; **(3)** the amount of discovery engaged in by the parties; **(4)** the plaintiff's likelihood of success on the merits; and **(5)** the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup,* 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties dispute whether Plaintiffs were properly paid for the hours they worked. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Although the parties did not engage in formal discovery, the parties "engaged in substantial investigation and informal discovery" before negotiating the settlement. Mot. 4, ECF No. 60.

The parties represent that individual settlement payments reflect 100% of the alleged minimum wage damages and an additional equal amount in liquidated damages. The exact amount of each payment has been calculated on an individual basis. Representative Plaintiff will receive a $1,500 service award in addition to her individual payment. Both these payments are reasonable. *See Shane Grp. Inc v. Blue Cross Blue Shield of Mich.*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorney's fees in the amount of

$41,666.67 represent approximately one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."). Further, the attorney's incurred $8,095 in expenses from the case related to mediation, notice to potential plaintiffs, and filing fees, which is reasonable. *Satterly v. Airstream, Inc.*, No. 3:19-CV-107, 2020 WL 6536342, at *11 (S.D. Ohio Sept. 25, 2020) ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement.").

The parties' joint motion, ECF No. 60, is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**